# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made between and among Frandy Clermont ("Plaintiff") on the one hand, and Alboro National NJ, LLC, Alboro National, LLC, Abe Schwebel ("Defendants"), on the other.

**WHEREAS**, on January 4, 2021, Plaintiff commenced an action in United States District Court, Southern District of New York (Index No.: 20-CV-11121) ("the Action"); via Summons and Complaint, captioned *Frandy Clermont v. Alboro National NJ, LLC, and Abe Schwebel,* wherein Plaintiff asserted various claims, including claims of alleged violations the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL");

**WHEREAS**, on or about February 18, 2021, Defendants Alboro National NJ, LLC and Abe Schwebel filed an Answer to the Complaint, wherein they denied any and all wrongdoing, denied that any laws or statutes have been violated, denied that Plaintiff was entitled to any relief whatsoever; and asserted 18 affirmative defenses;

**WHEREAS**, the parties hereby stipulate and agree to amend the caption of the Action to include Alboro National, LLC, as a defendant;

**WHEREAS**, on April 20, 2021, the parties participated in a court ordered mediation before mediator Christopher Mason; and

**WHEREAS**, the parties have reached an agreement-in-principle to resolve this case, and wish to further memorialize their resolution as set forth below:

**1.  Amendment of the Complaint**

The parties stipulate and agree to amend the caption of the Action to include Alboro National, LLC, as a defendant.

2. **Consideration to be provided to Plaintiff.**

In consideration for the promises made by Plaintiff, as set forth in this Agreement, Defendants agree to pay Plaintiff the total sum of Sixteen Thousand Dollars ($16,000.00) ("the Settlement Payment"). Plaintiff's counsel shall make a motion for court approval of this Agreement. Defendants will cooperate with Plaintiff's motion for approval. Following the issuance of an order from the Court approving this Agreement and dismissing this Action with prejudice, Defendants agree to deliver the Settlement Payment to Plaintiff's counsel's office, located at The Abdul K. Hassan Law Group, P.L.L.C., 215-28 Hillside Avenue, Queens Village, NY 11427. The Settlement Payment shall be made in two equal installments, to be paid as set forth below:

1. Within thirty (30) days of court approval of this Agreement, Defendants will deliver the first installment payment to Plaintiff's counsel's office, which will consist of (a) one check, payable to "Frandy Clermont" in the amount of $5,110, which is subject to IRS Form-1099-MISC (Box 3) reporting; and (b) one check payable to "The Abdul K. Hassan Law Group, P.L.L.C.," in the amount of $2,890, representing a 1/3 contingency fee ($5,110), plus costs ($670), which is subject to IRS Form-1099-MISC (Box 10), reporting;

2. Within sixty (60) days of court approval of this Agreement, Defendants will deliver the first installment payment to Plaintiff's counsel's office, which will consist of (a) one check, payable to "Frandy Clermont" in the amount of $5,110, which is subject to IRS Form-1099-MISC (Box 3) reporting; and (b) one check payable to "The Abdul K. Hassan Law Group, P.L.L.C.," in the amount of $2,890, representing a 1/3 contingency fee ($5,110), plus costs ($670), which is subject to IRS Form-1099-MISC (Box 10), reporting ;

Plaintiff and Plaintiff's counsel agree to provide Defendants with executed W-9 forms prior to the deadline of Settlement Payment. Plaintiff acknowledges that Defendants and their counsel do not make and have not made any representations regarding the taxability of such amounts or the necessity for making withholdings therefrom, and the Plaintiff further acknowledges that he has not relied upon any advice or representation by Defendants or their attorneys as to the necessity for withholding from or the taxability of such amounts. Plaintiff further agrees to accept full,

complete, sole and entire responsibility for any tax liability, withholding liability, interest or penalty that may be assessed against or incurred by any of the Releasees as a result of not withholding taxes from the portions of the money paid to the Plaintiff accounted for via an IRS Form 1099, as well as the amounts paid to Plaintiff's attorneys, pursuant to this Agreement, and the Plaintiff agrees to fully indemnify and hold the Defendants harmless against any such liability. If Defendants receive notice from any taxing authorities regarding any of the payments accounted for via an IRS Form 1099, Defendants will provide Plaintiff's attorneys with a copy of such notice, within a reasonable period, so that the Plaintiff may address any requests made by such taxing authority.

3.  **Adequate consideration.**

Plaintiff expressly agrees and acknowledges that the consideration referred to in Paragraph 2 of the Agreement constitutes adequate and ample consideration for the rights and claims he is waiving under the Agreement and for the obligations imposed upon him by virtue of the Agreement. This valuable consideration represents a complete settlement, satisfaction, release, discharge, and waiver of all claims that he has asserted in this Action, including, but not limited to, all claims for allegedly unpaid wages, lost wages, benefits or other compensation, liquidated damages, punitive damages, attorneys' fees, costs, and any other relief which Plaintiff was seeking in this Action against Defendants. Plaintiff expressly agrees and acknowledges that Defendants have promised to pay the consideration referred to in Paragraph 1 of the Agreement in exchange for the releases, waivers, and promises made by Plaintiff in this Agreement.

4. **Release.**

In consideration for the Settlement Payment to be provided pursuant to Paragraph 1 above, Plaintiff, for himself and for his heirs, executors, administrators, trustees, legal representatives, successors and assigns (hereinafter referred to collectively as "Releasors"), forever release and discharge Defendants, as well as Defendants' present, past, and/or former parent corporations, subsidiaries, divisions, affiliated entities, shareholders, successors, executors, officers, partners, members, managers, directors, agents, fiduciaries, owners, employees, representatives, and assigns (hereinafter referred to collectively as "Releasees"), from any and all claims that were asserted in this Action, including all claims relating to alleged unpaid wages and compensation, as well as any and all claims which could have been asserted under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

5. **No Admission of Liability.**

Defendants expressly deny that the claims asserted by Plaintiff in this case have any merit whatsoever, and Defendants expressly deny that they engaged in any wrongdoing of any kind with respect to Plaintiff. The parties hereby agree and acknowledge that nothing contained in the Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by Defendants.

6. **No Disputes Pending or Assigned.**

Plaintiff represents that, aside from this Action, he does not currently have pending before any court or before any federal, state, or local governmental agency any dispute of any kind against

Defendants. Plaintiff further represents that he has not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person any claim or dispute released by him herein.

7. **Governing Law and Interpretation.**

The Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

8. **Severability.**

Should any part of the Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

9. **Disputes; Damages.**

If any party institutes a lawsuit or petitions the Court to enforce the provisions of this Agreement or determine breach of the Agreement, the Parties will be entitled to any and all remedies available at law. The Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

10. **Default.**

Should Defendants not deliver the Settlement Payment described in Paragraph 1 in a timely manner, counsel for Plaintiff will notify counsel for Defendants that Defendants are in default of this Agreement. Specifically, Plaintiff's counsel will provide notice of said default via email, at JBeldner@tiltonbeldner.com, and Stuart575@aol.com, and via overnight USPS mail. In the event that Defendants do not cure the default and deliver the Settlement Payment to Plaintiff's counsel within seven (7) calendar days, such non-payment will be considered a material breach of this Agreement, and Defendants shall pay Plaintiff the total sum amount of Twenty Five Thousand Dollars ($25,000.00), and Plaintiff shall have the right to apply to the court in this Action for entry of a judgement against Defendants, individually and jointly, for the $25,000.00 default amount plus the costs and reasonable attorneys fees associated with enforcing this Agreement and any resulting judgment.

11. **Filing of Stipulation of Dismissal**

Upon the execution of this Settlement Agreement, counsel for both parties agree to execute a Stipulation of Dismissal with Prejudice, annexed hereto as **Exhibit A.**

12. **Advice of Counsel.**

Plaintiff and Defendants acknowledge that they have had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of their choosing. Plaintiff and Defendants hereby represent that they have consulted their attorney(s) about the Agreement before signing it. The parties further acknowledge that they have read this Settlement Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms,

that they are fully competent to enter into it, that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

13. **Voluntary Agreement.**

The parties agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

14. **Entire Agreement.**

The parties agree that this Agreement represents the complete understanding between the parties and no other promises or agreements shall be binding unless in writing and signed by the parties. This is an all-inclusive Agreement and the parties agree that there are no other written, oral, and/or implied representations, promises, or agreements that exist between them.

15. **Modifications and Amendments.**

The Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both Plaintiff and Defendants.

16. **Counterparts.**

This Agreement may be executed with electronic signatures and in counterparts, and delivered by facsimile or email, each of which shall be deemed an original and each of which shall together constitute one and the same agreement.

## 17. Section Headings

Section headings are used herein for reference only, and do not affect the meaning of any provision of this Agreement.

## 18. Acknowledgment of Full Understanding.

Plaintiff acknowledges and agrees that he has fully read, understands, and voluntarily enters into this Agreement. Plaintiff acknowledges and agrees that he has had an opportunity to ask questions and consult with an attorney before signing this Agreement. Plaintiff further acknowledges that his signature below is an agreement to release Defendants from all claims that can be released as a matter of law.

**WHEREFORE**, the parties hereto have voluntarily caused this Agreement to be signed as of the day and dates indicated below.

FRANDY CLERMONT

Name: FRANDY CLERMONT

Signature: *[DocuSigned by: 4498AA2822174A5...]*

Date: 8/11/2021

ALBORO NATIONAL NJ, LLC

Name: Marie Angeli

Title: office manager

Signature: *[signature]*

Date: 7/28/21

8

ALBORO NATIONAL, LLC

Name: _Marie Angeli_

Title: _office manager_

Signature: _____

Date: _7-28-21_


ABE SCHWEBEL

Name: _ABE SCHWEBEL_

Signature: _____

Date: _7/28/21_

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
FRANDY CLERMONT,

Plaintiff,

-against -

ALBORO NATIONAL NJ, LLC, ALBORO NATIONAL, LLC, and ABE SCHWEBEL,

Defendants.
---------------------------------------------------------------------X

**20-CV-11121 (ALC)**

**ORDER OF DISMISSAL WITH PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel of record for Plaintiff and Defendants that Alboro National LLC is added as a defendant in this action, and that the caption of this case is hereby amended to the caption set forth above; and

**IT IS FURTHER STIPULATED AND AGREED** that any and all claims asserted by Plaintiff in the above-entitled action are hereby discontinued and dismissed, with prejudice, as against Defendants, without costs or attorneys' fees to any party as against another, except as specified in the parties' settlement agreement.

Dated: August ___, 2021
New York, NY

______________________
Abdul K. Hassan, Esq.
Abdul K. Hassan Law Group P.L.L.C
215-28 Hillside Avenue
Queens Village, NY 11427

*Attorneys for Plaintiff*

Dated: August 4, 2021
New York, NY

Stuart Weinberger
______________________
Stuart Weinberger, Esq.
Goldberg and Weinberger LLP
630 Third Avenue, 18th Floor
New York, NY 10017

*Attorneys for Defendants*

SO ORDERED:

______________________
HON. JUDGE ANDREW L. CARTER