# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

〜〜〜〜

**Abdul K. Hassan, Esq.**
Email: abdul@abdulhassan.com
*Employment and Labor Lawyer*

Tel: 718-740-1000
Fax: 718-740-2000
Web: www.abdulhassan.com

**August 11, 2021**

**Via ECF**

Hon. Andrew L. Carter Jr., USDJ
United States District Court, SDNY
40 Foley Square
New York, NY 10007

<u>Re: Clermont v. Alboro National NJ, LLC et al</u>
Case No.  20-CV-011121 (ALC)(KNF)
Motion for Settlement Approval

Dear Judge Carter:

My firm represents plaintiff Frandy Clermont ("Plaintiff" or "Clermont") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015). Exhibit 1 is a copy of the fully executed settlement agreement and Exhibit 2 is a copy of the retainer agreement between Plaintiff and his counsel and which is the basis for the fee in this case.

Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages and spread of hour wages under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice requirements of the NYLL.

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, and exchange of information at the mediation conducted by a mediator from this Court's mediation panel.

 Based on the allegations in the complaint, Plaintiff is owed about $5,070 in unpaid wages ($3,510 in unpaid overtime wages and $1,560 in unpaid spread of hour wages). Plaintiff was employed by Defendants from on or about October 26, 2019 to on or about November 1, 2020. The complaint in this action was filed on December 31, 2020. (See ECF No. 1).

It is Defendants' position that Plaintiff is not owed any overtime wages and have produced records purported to show no overtime wages owed. Defendants may also be able to avoid the imposition of liquidated damages – including liquidated damages on the manual worker claims, if they prove a good-faith affirmative defense. Defendants also disputes the work hours alleged by Plaintiff. In general Defendants deny Plaintiff's allegations.

Assuming Plaintiff prevails on his wage notice and wage statement claims he could be entitled to another $10,000 maximum ($5,000 each) – the jurisprudence concerning these claims is unsettled and they are not covered by the FLSA. Plaintiff was provided with wage statements and a wage notice – there may be a technical dispute as to whether these were fully compliant.

The total settlement amount is $16,000. (See Ex. 1 ¶ 2). Under the settlement, Plaintiff is due to receive $10,220 (See Ex. 1 ¶ 2(1-2)) after costs ($670) and a 1/3 contingency fee ($5,110). (See Ex. 1 ¶ 2).

Plaintiff's counsel is due to receive reimbursement of Six Hundred and Seventy Dollars ($670) in filing ($400), and service costs ($270), plus a 1/3 contingency fee of Five Thousand, One Hundred Ten Dollars ($5,110) (Ex. 1 ¶ 2)[1]. See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also *Fisher v. SD Prot. Inc.,* 948 F.3d 593 (2d Cir. 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owed his counsel is govern by the retainer agreement and not by statutory fee-shifting provisions).

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Taylor v. N.Y. Residential Property Works LLC*, Case No. 15-cv-03914 (Judge Carter SDNY, January 25, 2016)(Approving a 1/3 contingency fee of about $16,000 under *Cheeks*); *Turkaj v. Lantower Realty L.P.,* Case No. 20-cv-02539 (Judge Gardephe - September 20, 2020)(Approving a 1/3 contingency fee of about $14,843 under Cheeks); *Hixholli v. Aqua* 3065 GC LLC et al, Case Number 19-CV-05654 (Judge Netburn - SDNY, November 25, 2019)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*); *Knights v. Novitex Enterprise Solutions, Inc. et al*, 17-CV-9359, ECF No. 43, (Magistrate-Judge Netburn - August

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

30, 2018)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*); *Gosyne v. Ace Inspection and Testing Services Inc. et al*, Case No. 17-CV-07364 (Magistrate-Judge Reyes - EDNY July 19, 2018)(approving a 1/3 fee of $14,700 under *Cheeks*); *Elahi v. Metropolitan Garment Cleaning Inc. et al*, Case No. 18-CV-02372 (Judge Reyes – R&R November 13, 2018)(approving a 1/3 fee of $13,047 under *Cheeks*); *Romard v. Gateway Arms Management Corp.*, Case No. 18-CV-03185 (Magistrate-Judge Reyes - September 6, 2018)(approving a 1/3 fee of $11,666 under *Cheeks*); *Hosein v. Universal Elevator Inc. et al,* Case No. 17-cv-07597- (Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – approving a 1/3 fee of approximately $26,000); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94); *Palermo v. Efficient Staffing Solutions LLC et al*, 17-CV-00658 (Magistrate-Judge Reyes – EDNY)(1/3 fee of $9,815 under *Cheeks*); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (Magistrate-Judge Peck - SDNY)(approving 1/3 fees of $23,080 under *Cheeks*); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*); *Rivera v. Golden Krust Caribbean Bakery Inc.*, Case No. 16-cv-09219 (Magistrate-Judge Pitman) (1/3 fee of $16,666 under *Cheeks*); *Kirkland v. ASA College, Inc. et al*, 16-cv-02908 (Magistrate-Judge Levy – EDNY)(1/3 fee of $12,978 under *Cheeks*); *Domenech v. Parts Authority, Inc.* 15CV-3595, ECF No. 41, 42 (ILG - EDNY) (approving $35,000 in damages and $70,000 in fees and costs under *Cheeks*); *Jones v. Bryant Park Market Event LLC*, 13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendant disputes liability and if a jury believes Defendant, Plaintiff may receive nothing or a lot less. Second, the amount Plaintiff is due to receive under the settlement is not insignificant in relation to the FLSA wages claimed and represents a fair compromise in light of the legal and factual issues. Third, it appears that Defendants cannot afford a higher settlement amount as further confirmed by the installment nature of the settlement. Fourth, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

3

cc:    **Defense Counsels via ECF**