**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**FRANDY CLERMONT,**

                      **Plaintiff,**

          **-against-**

**ALBORO NATIONAL NJ, LLC** and **ABE SCHWEBEL,**

                      **Defendants.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 12/8/2021

**20-cv-11121 (ALC)**

<u>**ORDER**</u>

**ANDREW L. CARTER, JR., United States District Judge:**

      The Court is in receipt of Plaintiff's motion for approval of settlement and accompanying fairness letter. ECF No. 21. The Court has reviewed the Settlement Agreement and accompanying fairness letter as required by. The Court declines to approve the settlement in its current form.

      Although attorneys' fees that total less than or equal to 1/3 the settlement sum are normally approved by courts in this district, the district court must still independently ascertain the reasonableness of a fee award. *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13-cv-6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015). "Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). Reasonableness can only be determined after review of "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id*. Plaintiff does not provide any documentation supporting the fee award for purposes of the Settlement Agreement so that the Court may assess reasonableness.

Accordingly, Plaintiff is hereby **ORDERED** to submit billing records in support of the requested attorney's fee. Such submission should be made by **December 31, 2021**.

**SO ORDERED.**

Dated:   December 8, 2021
         New York, New York

                                         **ANDREW L. CARTER, JR.**
                                         **United States District Judge**